IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| CORTEZ L. HARDIN, SR., )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>BUCKY ROWLAND, et al., )<br>    Defendants. ) | Civil Action No. 1:17-cv-00097<br>Judge Campbell / Frensley<br>Jury Demand |

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION AND BACKGROUND

This matter is before the Court upon a Motion to Dismiss filed by Defendants Barber and Nagel pursuant to Fed. R. Civ. P. 12(b)(6), arguing that, pursuant to the *Heck* doctrine, Plaintiff's state law conviction for resisting arrest bars his excessive force claim against them. Docket No. 34. In support of their Motion, Defendants Barber and Nagel have contemporaneously filed a Memorandum of Law (Docket No. 35), and a copy of Plaintiff's fully executed Guilty Plea[1] (Docket No. 34-1).

Plaintiff has not responded to the Motion.

Plaintiff, pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Fourteenth Amendment rights by using excessive force when arresting him on or about September 16, 2017. Docket Nos. 1, 14.

A brief factual recitation will provide background helpful to the resolution of Defendants' Motion.

---

[1] The Court may consider public records and exhibits attached to a Motion to Dismiss without converting the Motion to one for summary judgment if they are referred to in the complaint and are central to the claims contained therein. *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011).

On or about September 16, 2017, Plaintiff entered a home in Columbia, Tennessee, without permission of the homeowner and stole an assortment of items including a firearm. *See* Docket No. 23-1. Several law enforcement officers, including Defendants Barber and Nagel of the Columbia Police Department, responded to the scene after the homeowner called the police. *Id.* As the officers attempted to arrest Plaintiff, he actively resisted arrest, struggled with officers, and refused to obey verbal commands. *Id.*

A duly empaneled Grand Jury subsequently indicted Plaintiff on multiple criminal charges including a charge of resisting arrest pursuant to Tenn. Code Ann. § 39-16-602. *Id.* The Circuit court set several court dates during the pendency of the criminal charges against Plaintiff until ultimately approving a Waiver of Trial by Jury and Petition to Enter Plea of Guilty on or about January 6, 2021. Docket No. 34-1. As part of the plea agreement, Plaintiff pled guilty to the charge of resisting arrest (designated as Count 8 in Case No. 26098). Docket No. 23-1.

For the reasons discussed below, the undersigned finds that Plaintiff's guilty plea and resultant conviction for resisting arrest bars his claim for excessive force, such that Defendants' Motion should be GRANTED.

## II. LAW AND ANALYSIS

A.   Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted.  In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.*  A complaint containing a statement of facts that merely creates a suspicion of a legally

2

Case 1:17-cv-00097   Document 37   Filed 06/07/21   Page 2 of 5 PageID #: 188

cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

**B.      42 U.S.C. § 1983**

Plaintiff alleges violations of his Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Docket Nos. 1, 14. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged

3

deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (*citing Parratt v. Taylor,* 451 U.S. 527, 535 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978)). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255 (*quoting United States v. Classic,* 313 U.S. 299, 326 (1941)).

      C.      **The *Heck* Doctrine**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a federal civil rights suit must be dismissed if a favorable ruling in the federal case would impugn a state criminal conviction. Specifically, the Sixth Circuit has identified two circumstances in which an excessive-force claim might conflict with a conviction:

> The first is when the criminal provision makes the lack of excessive force an element of the crime. The second is when excessive force is an affirmative defense to the crime. … In both of these circumstances, the § 1983 suit seeks a determination of a fact that, if true, would have precluded the conviction.

*Matheney v. City of Cookeville, Tenn.,* 461 Fed. App'x 427, 430 (6th Cir. 2012), *quoting Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010).

Under Tennessee law, an officer's excessive use of force is a defense to a charge of resisting or evading arrest. Accordingly, a guilty plea and resultant conviction of such charge necessarily includes a finding that the officer did not use excessive force. *Id.*; *Roberts v. Anderson*, 213 Fed. App'x 420, 427 (6th Cir. 2007).

      D.      **The Case at Bar**

On January 6, 2021, in open court, Plaintiff plead guilty to charges including resisting arrest (Count 8 in Case No. 26098). Docket No. 34-1. Because Plaintiff pled guilty and the state court so

accepted and entered, Plaintiff was convicted of the charges against him (including resisting arrest). Inherent in a conviction for resisting arrest under Tenn. Code Ann.§ 39-16-602 is that Defendants Barber and Nagel did not use excessive force. Therefore, there is no underlying Fourteenth Amendment constitutional violation.

Plaintiff's claims are barred by the *Heck* Doctrine, such that Plaintiff's Amended Complaint fails to state a Fourteenth Amendment claim against the instant Defendants and their Motion to Dismiss for failure to state a claim should be granted.

### III. CONCLUSION

For the reasons discussed above, the undersigned finds that Plaintiff's guilty plea and resultant conviction for resisting arrest bars his claim for excessive force, such that Defendants' Motion to Dismiss should be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**